**In re: a Minor Child**

High Court of American Samoa
Trial Division

JR No. 141-95

April 12, 1996

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, SAGAPOLUTELE, Associate Judge.

Counsel: For Petitioners, Tautai A.F. Fa`alevao

Order Denying Motion for Reconsideration:

The Petitioners have moved for rehearing or reconsideration following our denial of their petition for relinquishment. Petitioners basically allege error on two grounds. First, they allege that we failed to correctly weigh the facts in denying the petition. Second, they allege that in denying the petition, the court somehow violated the due process or equal protection rights of the natural parents. The petition for rehearing was unaccompanied by a memorandum of points and authorities. The motion came regularly for hearing on April 3, 1996, with counsel present. During the hearing, petitioners cited neither the record nor any statutory or case law in support of either contention.

Petitioners' attention is first directed to *Judicial Memorandum No. 2-87*, 4 A.S.R.2d 172, 175 (1987). In that memorandum, the Justices pointed out the importance of the requirement in T.C.R.C.P. 7(b)(1) that every motion "shall state with particularity the grounds therefore." "This is especially important in the case of a motion for a new trial, since the purpose of requiring such a motion before an appeal is to avoid unnecessary appeals by

giving the trial judge a chance to see the error of his ways." *Judicial Memorandum No. 2-87*, at 175. The importance of this has been re-emphasized in recent opinions. *See, e.g., Masaniai v. Patea*, 17 A.S.R.2d 34, 35 (App. Div. 1990); *American Samoa Government v. South Pacific Island Airsystems, Inc.*, 28 A.S.R.2d 167 (Trial Div. 1995) (in press); *Craddick Dev. Inc., v. Craddick*, 28 A.S.R.2d 170 (Trial Div. 1995) (in press).

■ To meet this particularity requirement, a motion for new trial must normally be accompanied by a memorandum of points and authorities. *See* T.C.R.C.P. 7(b)(1) ("Each motion shall be accompanied by . . . an appropriate memorandum or brief which concisely states the arguments supporting the motions and cites authorities on each point . . . ."). This is particularly true where a party is going to assert a unique legal theory that was not raised at the original trial or hearing, such as the denial of constitutional rights alleged here. At a minimum, a party must cite the court to specific allegations of error, accompanied by legal citation where appropriate, at the hearing. Where a party does not cite specific instances of error, the motion for new trial or reconsideration shall be denied. In extreme instances, we may even treat the motion as a nullity, cutting off the party's right to further appeal.

Petitioners here have failed to meet the particularity requirement. Thus, we will deny their motion for rehearing or reconsideration on this ground. We would like to additionally point out, however, that we doubt petitioners' constitutional argument has any basis in the law. To assert that a parent has a constitutional right to waive his obligations to his child is tantamount to asserting that a parent has a constitutional right to shirk responsibility toward his child, to neglect or abandon his child, or even fail to make court ordered child support payments. These are the logical extensions of petitioners' assertion, and such a position is preposterous.

■ Having said that, we point petitioners' counsel to another of this court's recent pronouncements. In *Interocean Ships, Inc. v. Samoan Gases*, 29 A.S.R.2d 201 at 205 (Trial Div. 1996), the entire membership of the American Samoa Bar Association was put on notice that shoddy and unresearched work would no longer be acceptable. In case we were not clear, this pronouncement applies to motions for new trial or reconsideration. In making a motion for new trial, an attorney must do more than present the court with unresearched and unsupported conclusory assertions. *See also In the Matter of the Matai Title Lolo*, 26 A.S.R.2d 46 (Land & Titles Div. 1994). Failure to do so will subject the attorney to personal sanctions under T.C.R.C.P. 11. If an attorney wishes to present novel constitutional arguments to this court, he had best be prepared to support them with precedent or arguments to extend or change precedent. In the future, we suggest counsel heed this warning when he files a motion

23

for reconsideration or any other motion before this court.

The motion for rehearing or reconsideration is denied.

It is so ordered.